MILLER, Judge.
Plaintiff Otis International, Inc. appeals the judgment rejecting its claim for $26,278.01 for materials and services furnished defendant Bakerfield Electric Company, Inc., a building contractor. Baker-field constructed an apartment complex for defendant Dynamic Constructors, Inc., the owner. Otis rested its case after establishing that Bakerfield admitted that it owed about $25,000 for certain materials furnished. Defendants elected not to present evidence contending that plaintiff failed to establish that it fulfilled all terms of its contract. We reverse and as permitted by LSA-C.C.P. art. 2164, remand.
Dynamic had a recorded contract with Bakerfield for construction of an apartment complex consisting of 114 apartments to be built in Abbeville, Louisiana. Baker-field in turn entered into a purchase agreement with Otis, The one page instrument is styled “Contract and Agreement” and provides for Otis to supply exterior and interior wall panels (“as specified on plans”) for the 114 apartment complex for a price of $70,860.00 plus taxes. Otis was obligated to furnish layout and erection plans, and provide assistance for erection from beginning of job as required. Delivery by Otis was to start by September 11, 1972. Bakerfield was to pay monthly billings by the 10th of the following month.
Otis sued Bakerfield for $26,278.01 representing the balance due for material delivered to Bakerfield for Dynamic’s apartment complex. Bakerfield admitted that “certain material” was delivered by Otis, but denied that Otis was entitled to further payments. Otis did not allege a contract with Bakerfield and Bakerfield did not deny or allege that Otis failed to comply with its contract. Bakerfield reconvened alleging it was entitled to a $5,856.17 credit for prior payments and that it was entitled to $30,000 because of defective materials furnished by Otis.
Bakerfield’s executive officer was deposed prior to trial and was questioned at length concerning Bakerfield’s defenses to the claim. It was admitted that Otis furnished prefabbed panels which were accepted by Bakerfield and used in the project. Tr. 39. The only complaint Baker-field made was that the material and labor furnished by Otis was defective and “not according to plans and specifications” Tr. 40. Bakerfield complained that these deficiencies caused Bakerfield to fail to complete the building as specified and Dynamic lost its financing. The $30,000 claim was based on this premise. In’ summation (Tr. 60) Bakerfield’s executive officer testified that there were no other complaints.
At trial, Bakerfield’s executive officer was called on cross examination. He testified (Tr. 100) that on information furnished by his employees, Otis furnished certain materials of the nature called for in the contract and delivered them to the job. He was asked if there was not a $26,000 balance owed and unpaid. His answer — “Well, the figure, I don’t agree with exactly. According to my records which shows twenty-five thousand, something dollars, I don’t know exactly the figure, in other words, without looking .... There is a balance due.”
The pre-trial briefs of both parties are in the record and Bakerfield’s pretrial brief (Tr. 121) states “Upon delivery of the materials by (Otis), they were found to be *731 defective in that openings for doors and cabinets were not constructed in conformity with shop drawings supplied to (Baker-field) by (Otis).”
Defendants rested without calling evidence to support their defense. They argued that Otis failed to prove it performed or substantially performed its obligations under the contract; that the admission that some $25,000 dollars was owed under the contract must be construed to mean that this sum would have been due had Otis proved it performed all elements of the contract. The trial court accepted this argument, and held that Otis failed to prove how much material it delivered and specifically that Otis furnished the services required by its agreement.
Considering the context of Bakerfield’s admissions, and particularly the fact that Bakerfield never contended that Otis failed to deliver all material called for in its letter agreement, we fail to find Bakerfield’s admissions to be so restricted. We nevertheless find the issue to be in doubt, particularly since the trial judge concluded that the admission was to be so narrowly construed. The trial judge had strong reservations for he stated in written reasons that “if there still remains a balance due it is a moral obligation on the part of Baker-field and Dynamic to pay same and it would be fundamentally wrong for one to hide behind the cloak of strict rules of evidence to avoid an obligation which it has announced to the world that it has.”
Finding the issue to be in doubt, we are not prepared to hold for either plaintiff or defendants.
In order to do justice to the parties, we reject the request of the parties to decide this case finally on the record before us. The testimony in the record indicates that the parties have claims which were not presented to the trial court. As permitted by LSA-C.C.P. art. 2164, we set aside the trial court judgment and remand the case for trial of all claims and issues. We expressly hold that plaintiff must carry the burden of establishing its claim. Defendants are given the opportunity to present evidence to substantiate their offsets and reconventional demands. All court costs incurred to date in both the trial and appellate courts are taxed to plaintiff appellant.
Remanded.
FRUGÉ, J., respectfully dissents and assigns written reasons.